■ In the Matter of BETTY VELEZ, Appellant, v NEW YORK CITY HOUSING AUTHORITY, Respondent. [648 NYS2d 924] —Order, Supreme Court, New York County (Marylin Diamond, J.), entered July 21, 1995, which, in a proceeding pursuant to CPLR article 78 to prohibit respondent from conducting a second de novo administrative hearing to determine whether or not petitioner is a "remaining family member" entitled to possession of the subject apartment, and to compel respondent to issue petitioner a lease on the basis of the first Hearing Officer's finding that she is a remaining family member, granted respondent's motion to dismiss the petition, unanimously affirmed, without costs.

The proceeding should be dismissed as time-barred since it was not brought within four months after petitioner was given notice of respondent's decision rejecting the Hearing Officer's findings and directing a de novo hearing (CPLR 217). In view of the foregoing, we find it unnecessary to address the alternative ground urged in support of dismissal, that the court lacks subject-matter jurisdiction for failure to exhaust administrative remedies. Concur—Rosenberger, J. P., Wallach, Kupferman, Nardelli and Mazzarelli, JJ.